UNITED STATES, PLAINTIFF *v.* OLYMPIC ADHESIVES, INC.; JOHN E. MURRAY, JR.; STEPHEN P. HOPKINS; and PAUL C. RYAN, DEFEND-ANTS

Court No. 82-6-00778

Before MALETZ, *Senior Judge.*

*Memorandum Opinion and Order*

Dated April 26, 1983

## I

MALETZ, *Senior Judge:* This is a penalty action in which the Government seeks forfeiture value of merchandise allegedly entered in violation of 19 U.S.C. § 1592 (1976). Defendants have moved to dismiss the Government's amended complaint based on lack of subject matter jurisdiction, insufficiency of process, and failure to state a claim upon which relief may be granted. For the reasons stated in *United States* v. *Murray,* 5 CIT 102 (1982), defendants' motions are denied.

## II

Defendants have further moved to dismiss Counts III, X, XVII and XXII of the amended complaint based on a lack of particularity with respect to the complaint's allegations of fraud. Rule 9(b) of this court requires that "[i]n all averments of fraud * * * the circumstances constituting fraud * * * be stated with particularity." The court believes that the averments of fraud in the foregoing Counts of the complaint have been stated with sufficient particularity to meet the requirements of this rule. For the circumstances constituting the alleged fraud are stated with enough specificity to afford defendants fair notice of the Government's claim. *See Gilbert* v. *Bagley,* 492 F. Supp. 714, 725 (M.D.N.C. 1980). Additionally, the role of the corporate defendant in such conduct has been indicated, and each of the individual defendants is identified as an officer and/or director of the corporate defendant. *See, e.g., Husted* v. *Amrep Corp.,* 429 F. Supp. 298, 311 (S.D.N.Y. 1977). At this stage of the proceedings, before discovery has occurred, no useful purpose would be served by requiring more detailed pleadings. Therefore, defendants' motions to dismiss Counts III, X, XVII and XXII of the amended complaint are denied.